LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| J.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF WOODLAKE, et al.,<br><br>Defendants. | No.  1:23−CV−01569−JLT−BAM<br><br>**JOINT SCHEDULING REPORT**<br><br>**U.S. Magistrate Judge: Barbara A. McAuliffe**<br><br>**Date:  February 5, 2024**<br>**Time: 8:30 a.m.**<br>**Courtroom:  8**<br><br>**\*\*Telephonic Appearance Requested** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Order Setting Mandatory Scheduling Conference requiring a Joint Scheduling Report, the parties hereby jointly submit this scheduling report addressing the following specific issues raised by this Honorable Court.

**1.      Summary of Factual and Legal Contentions:**

Per Plaintiffs:

1

Plaintiffs contend that the involved officers used excessive and unreasonable force against Decedent, Victor Melendez, when they fatally shot him and that he did not pose an immediate threat of death or serious bodily injury at the time of the shooting and that there were less then lethal alternatives to using deadly force against Decedent which were available and not utilized prior to using deadly force against Decedent.  Decedent was unarmed when he was fatally shot and no one was about to be run over or struck by Decedent's vehicle at the time of the shooting and the vehicle was not moving at the time of the shooting.  Further, it was unreasonable to mistakenly believe that Decedent was armed with a gun at the time of the shooting and to shoot without first confirming that Decedent did in fact have a gun.  Further, the officers had positions of cover..

Plaintiffs bring claims under the 14th Amendment for interference with familial relationship, and the 4th Amendment for the excessive use of deadly force.  Plaintiffs also bring state law claims of battery for the unreasonable use of deadly force, negligence (including pre-shooting negligent tactics), and violation of the Bane Act.

Plaintiffs seek both survival (including loss of enjoyment of life and pain and suffering prior to death) and wrongful death damages under federal and state law, punitive damages against the individual officers and also seeks statutory attorney's fees under both state and federal law.

Per Defendants:

Defendant City of Woodlake contends its officers used reasonable and necessary force in their encounter with Decedent.  On December 17, 2022, at approximately 10:44 a.m., officers were investigating a domestic violence allegation in Ivanhoe.  The victim reported that Decedent choked her and threatened her life by putting a handgun to her head.  The victim reported that Decedent took the gun with him when he left.

Officers located Decedent's vehicle approximately 40 minutes later and initiated a pursuit to detain Decedent.  Decedent failed to yield to lights and sirens and recklessly led law enforcement officers from several agencies on a high-speed chase that endangered decedent's life, the lives of the officers and the citizens of the community. Eventually, Decedent lost control of his vehicle and crashed into several others.  Immediately after the accident, officers approached Decedent's vehicle with firearms pointed at Decedent and gave multiple commands for Decedent to show his hands.  Several other vehicles with third-party witnesses were nearby.  Instead of complying, officers saw

Decedent try to open the passenger-side door, then reach down to the floorboard and pick up a black bag and place his right hand inside the bag while it was on his lap. Believing Decedent was attempting to retrieve the handgun from the bag, officers attempted to de-escalate the situation by continuing to tell Decedent to put his hands up and telling Decedent "it's not worth it - don't do it!" As officers were attempting to coax Decedent out of the vehicle safely, other responding officers arrived on scene and moved bystanders from the scene. With his right hand still in the bag, Decedent reached out and kissed a rosary hanging on his rearview mirror. Decedent lifted the bag, with his hand still inside, up off his lap. When the officers saw the Decedent raise his right hand concealed by the bag, the officers reasonably believed their lives were in imminent risk and discharged their weapons to stop the deadly threat.

Defendant denies the officers used excessive force in violation of any constitutional or statutory provision and denies that it is liable to Plaintiff for any damages.

**2.     Deadline for Amendments:**

The parties propose the following deadline for amendments to the pleadings: August 9, 2023.

**3.     Summary of Uncontested and Contested Facts:**

Plaintiffs' Position

Decedent was shot on December 17, 2022, on or near the area of Highway 198 and Road 196, in Tulare County, near the City of Exeter, California. The involved officers used deadly force against Decedent when they fatally shot Decedent. Decedent died as a result of the injuries he sustained when he was shot. The involved officers were acting within the course and scope of their employment as City officers and under color of law when they used deadly force against Decedent. Decedent was unarmed during the entire incident, including at the time of the shooting.

It is contested as to what Decedent was doing shortly before the shooting and whether he posed an immediate threat of death or serious bodily injury.

Defendant's Position

Defendant denies that Plaintiff was unarmed throughout the incident based on the report of the complaining witness.

**4.     Legal Issue Summary:**

3

**Undisputed Issues:**

1. Jurisdiction; and

2. Venue.

3. That the involved officers acted within the course and scope of their employment as officers for the City Police Department and under state law at the time of the incident.

**Disputed Issues**

(a)     Whether the officers use of deadly force against Decedent was excessive and unreasonable;

(b)     Whether the officers were negligent, including pre-shooting negligence, during the incident;

(c)     Whether the officers made a reasonable mistake in believing that Decedent had a gun;

(d)     Whether the officers acted willful, wanton or maliciously entitled Plaintiffs to punitive damages; and

(e)     The nature and extent of damages, including both survival and wrongful death damages.


5.     **Status of Matters Before the Court:**

Mandatory Scheduling Conference:  February 5, 2024.  There are no other motions or hearings before the Court.

6.     **Discovery Plan:**

The parties offer the following schedule but would like the court to know that the Department of Justice is conducting a criminal investigation of the shooting pursuant to recent legislation because the Decedent was unarmed when he was shot and killed. Defense counsel anticipates that the officers will be named by amendment and their defense will be referred to defense counsel. Defense counsel will seek a stay of discovery until the DOJ makes a determination as to whether criminal charges will be sought to protect the Fifth Amendment rights of the officers. The stay may well affect the following schedule.

a.     Deadline for exchange of initial disclosures required by Fed. R. Civ. P.

4

26(a)(1) or a statement that disclosures have already been exchanged: January 29, 2024.

b.      Deadline for the close of non-expert testimony: April 11, 2025.

c.      Deadline for disclosure of expert witnesses: May 16, 2025.  Rebuttal expert disclosure June 20, 2025.  Expert discovery deadline July 25, 2025.

g.      Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery: See above.

h.      Whether the parties anticipate the need to take discovery outside the United States, and if so, a description of the proposed discovery:  None anticipated at this time.

i.      Whether any party anticipates video and/or sound recording of depositions: Parties anticipate video depositions will be taken.

j.      Whether the parties foresee a need for mid-discovery status report and conference, and, if so, a proposed date for such conference: Parties do not anticipate a need for a mid-discovery status conference.

**7.      Discovery relating to electronic, digital, and magnetic data:**

While Defendants do not anticipate providing computer data that is of an outdated format, should this issue arise, Defendants will make all efforts to provide data in a manner that can be reviewed by Plaintiffs.  Plaintiffs will do the same and does not anticipate this being an issue between the parties.

**8.      Duty to Meet and Confer:**

a.      Computer-based information (in general): N/A

b.      E-mail information:  N/A

c.      Deleted information:  N/A

d.      Back-up data: N/A

**9.      Agreed-Upon Dates:**

a.      Motions: June 6, 2025.

b.      Pre-trial conference: November 17, 2025.

c.      Trial: Parties Suggest a December 8, 2025 trial date.

**10.      Settlement:**

The parties propose scheduling a settlement conference and/or mediation after some initial

discovery has been conducted.

**11.    Jury:**

This is a jury case.

**12.    Trial length:**

Per Plaintiffs:

Five (5) to Seven (7) days (not including voir dire).

Per Defendants:

Defendant agrees with Plaintiffs' estimate for trial length.

**13.    Procedural proposals:**

Parties do not request bifurcation at this time.

**14.    Related matters:**

The parties are not aware of related matters.


Dated:  January 29, 2024


By: */s/ Nicole M. Cahill [as authorized 1-29-24]*
　　　VAN LONGYEAR
　　　NICOLE M. CAHILL
　　　Attorneys for Defendant,
　　　City of Woodlake


Dated:  January 29, 2024         LAW OFFICE OF DALE K. GALIPO


By:　　　　　　*/s/ Eric Valenzuela*
　　　DALE K. GALIPO
　　　ERIC VALENZUELA
　　　Attorneys for Plaintiffs

6