# EXHIBIT A

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO; V.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO; and M.M., a minor, by and through her Guardian Ad Litem, JENNIFER MENENDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WOODLAKE; CHRIS KAIOUS; JUAN GONZALES; and DOES 3-10, inclusive,<br><br>Defendants. | Case No. 1:23−CV−01569−JLT−BAM<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process—(42 U.S.C. § 1983)<br>4. Battery (Wrongful Death and Survival Damages)<br>5. Negligence (Wrongful Death and Survival Damages)<br>6. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1. Plaintiffs J.F., a minor by and through her Guardian Ad Litem LIZ FRANCO, V.F., a minor by and through her Guardian Ad Litem LIZ FRANCO and M.M., a minor by and through her Guardian Ad Litem JENNIFER

-1-

MENENDEZ, for their complaint against Defendants CITY OF WOODLAKE, CHRIS KAIOUS; JUAN GONZALES and Does 3-10, inclusive, allege as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer involved shooting of Victor Melendez, decedent, by members of the City of Woodlake Police Department ("WPD").

## PARTIES

3. At all relevant times, Victor Melendez ("DECEDENT"), was an individual residing in the County of Tulare, California.

4. Plaintiff J.F. is a minor individual residing in the County of Seminole, Florida, and is the natural born daughter to DECEDENT. J.F. sues by and through her natural mother and Guardian Ad Litem, LIZ FRANCO. J.F. sues both in her individual capacity as the daughter of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. J.F. seeks both survival, including DECEDENT's pain and suffering and loss of enjoyment of life and wrongful death damages under federal and state law.

5. Plaintiff V.F. is a minor individual residing in the County of Seminole, Florida, and is the natural born daughter to DECEDENT. J.F. sues by and through her natural mother and Guardian Ad Litem, LIZ FRANCO. J.F. sues both in her individual capacity as the daughter of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. J.F. seeks both survival and wrongful death damages under federal and state law.

6. Plaintiff M.M. is a minor individual residing in the County of Volusia, Florida, and is the natural born daughter to DECEDENT. M.M. sues by and through her natural mother and Guardian Ad Litem, JENNIFER MENENDEZ. M.M. sues both in her individual capacity as the daughter of DECEDENT and in a

representative capacity as a successor-in-interest to DECEDENT.  M.M. seeks both survival and wrongful death damages under federal and state law.

7. At all relevant times, Defendant CITY OF WOODLAKE ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants CHRIS KAIOUS and JUAN GONZALES, who were CITY police officers, DOES 5-6, who were CITY police officers' supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the CITY Police Department.  On information and belief, at all relevant times, CHRIS KAIOUS, JUAN GONZALES and DOES 3-10 were residents of the County of Tulare, California.  CHRIS KAIOUS, JUAN GONZALES and DOES 3-10 are sued in their individual capacity for damages only.

8. At all relevant times, Defendants CHRIS KAIOUS, JUAN GONZALES and DOES 3-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant CITY.

9. At all relevant times, Defendants CHRIS KAIOUS, JUAN GONZALES and DOES 3-10 were duly appointed deputies and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants CHRIS KAIOUS, JUAN GONZALES and DOES 3-10 were acting on the implied and actual permission and consent of CITY.

11. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

12. The true names of defendants DOES 3 through 10, inclusive, are unknown to PLAINTIFFS, who therefore sue these defendants by such fictitious names. PLAINTIFFS will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

13. On June 14, 2023, PLAINTIFFS served their claims for damages with CITY pursuant to applicable sections of the California Government Code.

14. On June 26, 2023, CITY rejected PLAINTIFFS' claims for damages.

## JURISDICTION AND VENUE

15. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Tulary, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18. On December 17, 2022, DECEDENT was in his vehicle, near the area of Highway 198 and Road 196, in Tulare County, near the City of Exeter, California. DECEDENT's vehicle was stopped, it was not being driven and was not in operating condition at the time of the shooting.

19. While near Highway 198 and Road 196, in Tulare County, CHRIS KAIOUS and JUAN GONZALES discharged their firearms at DECEDENT, striking him

-4-

several times, causing DECEDENT serious physical injury and eventually killing him.

20. In information and belief, DECEDENT did not have a gun during the incident, including at the time of the shooting.

21. At the time of the shooting, DECEDENT did not pose an immediate or imminent threat of death or serious physical injury to either CHRIS KAIOUS and JUAN GONZALES or any other person.  DECEDENT was not about to kill or seriously injury anyone when he was fatally shot by CHRIS KAIOUS and JUAN GONZALES.  Further, DECEDENT did not try to punch, kick or strike any of the involved officers and did not physically try to touch them or their weapons/equipment.

22. DECEDENT was not about to run anyone over at the time of the shooting, no one was about to be struck by DECEDENT's vehicle at the time of the shooting. Further, DECEDENT's vehicle was stationary when the involved officers discharged their firearms at DECEDENT.

23. There were other reasonable alternatives available to the involved officers, which were not exhausted prior to using deadly force against DECEDENT.

24. On information and belief, the involved officers did not provide timely medical care to DECEDENT, they did not timely summons medical assistance for DECEDENT, and/or they prevented medical assistance from being timely provided to DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiffs against Defendants Chris Kaious and Juan Gonzales)

25. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

26. CHRIS KAIOUS and JUAN GONZALES's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. The unreasonable use of force by Defendants CHRIS KAIOUS and JUAN GONZALES deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23. As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

24. As a result of the conduct of CHRIS KAIOUS and JUAN GONZALES, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

25. This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT did not pose an immediate threat of death or serious bodily injury at the time of the shooting, DECEDENT was not trying to physically injure anyone, including the involved officers, shortly before or at the time of the shooting, and there were less than lethal alternatives available, which were not exhausted before resorting to the use of deadly force against DECEDENT.  Further, DECEDENT was unarmed during the incident, his vehicle was not moving when he was shot and no one was in danger of being struck by

DECEDENT's vehicle at the time of the shooting. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

26. The conduct of CHRIS KAIOUS and JUAN GONZALES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants CHRIS KAIOUS and JUAN GONZALES.

27. Plaintiffs bring this claim as successor-in-interest to the DECEDENT, and seek both survival damages, including DECEDENT's pain and suffering and loss of enjoyment of life and wrongful death damages for the violation of DECEDENT's rights.

28. Plaintiffs also seek attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs Against Defendants Chris Kaious And Juan Gonzales)

29. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. The denial of medical care by Defendants CHRIS KAIOUS and JUAN GONZALES deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support,

society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

32.  Defendants CHRIS KAIOUS and JUAN GONZALES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

33.  After shooting DECEDENT multiple times, CHRIS KAIOUS and JUAN GONZALES did not timely summons medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries, and CHRIS KAIOUS and JUAN GONZALES also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

34.  The conduct of CHRIS KAIOUS and JUAN GONZALES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants CHRIS KAIOUS and JUAN GONZALES.

35.  Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

36.  Plaintiffs also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF
### Substantive Due Process (42 U.S.C. § 1983)
(By Plaintiffs Against Defendants Chris Kaious and Juan Gonzales)

37.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38. J.F. Jand had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

39. V.F. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

40. N.M. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT

41. As a result of the excessive force by CHRIS KAIOUS and JUAN GONZALES, and their failure to intervene, DECEDENT died.  Plaintiffs J.F., V.F. and N.M. were thereby deprived of their constitutional right of familial relationship with DECEDENT.

42. Does 1-4, acting under color of state law, thus violated the Fourteenth Amendment rights of J.F., V.F. and N.M. to be free from unwarranted interference with their familial relationship with DECEDENT.

43. The aforementioned actions of CHRIS KAIOUS and JUAN GONZALES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs J.F., V.F. and N.M. and with purpose to harm unrelated to any legitimate law enforcement objective.

44. Defendants CHRIS KAIOUS and JUAN GONZALES, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

45. As a direct and proximate cause of the acts of CHRIS KAIOUS and JUAN GONZALES, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses.

46. As a result of the conduct of CHRIS KAIOUS and JUAN GONZALES, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

47. The conduct of CHRIS KAIOUS and JUAN GONZALES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant CHRIS KAIOUS and JUAN GONZALES.

48. Plaintiffs brings this claim individually and seek wrongful death damages for the violation of Plaintiffs' rights.

49. Plaintiffs also seek attorney fees under this claim.

### FOURTH CLAIM FOR RELIEF
**Battery (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(By Plaintiffs Against Defendants Chris Kaious, Juan Gonzales and the City)

50. Plaintiffs repeat and realleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. CHRIS KAIOUS and JUAN GONZALES, while working as police officers for the CITY's police department, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times. As a result of the actions of CHRIS KAIOUS and JUAN GONZALES, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. CHRIS KAIOUS and JUAN GONZALES had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their police officer duties was an unreasonable use of force. Especially since DECEDENT was unarmed during the incident, his vehicle was stopped at the time of the shooting and no one was about to be ran over or struck by DECEDENT's vehicle at the time of the shooting.

52. As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of their father, DECEDENT, and will continue to be so deprived for the remainder of their natural life. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

53. CITY is vicariously liable for the wrongful acts of CHRIS KAIOUS and JUAN GONZALES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

54. The conduct of CHRIS KAIOUS and JUAN GONZALES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

55. Plaintiffs brings this claim both individually and as a successors-in-interest to DECEDENT, and seeks both survival damages, including pre-death pain and suffering, and wrongful death damages under this claim.

### FIFTH CLAIM FOR RELIEF
**Negligence (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(By Plaintiffs Against All Defendants)

56. Plaintiffs repeat and realleges each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

    (b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

    (c) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

    (d) failure to recognize that DECEDENT was unarmed and did not have a gun;

    (e) failure to recognize that DECEDENT's car was stopped and was no longer being driven;

    (f) the failure to summons and provide prompt medical care to DECEDENT;

    (g) the failure to properly train and supervise employees, both professional and non-professional, including CHRIS KAIOUS and JUAN GONZALES;

        (h)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

        (i)    the negligent handling of evidence and witnesses.

58. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also, as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses and loss of financial support.

59. CITY is vicariously liable for the wrongful acts of CHRIS KAIOUS and JUAN GONZALES pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

60. Plaintiffs bring this claim both individually and as successor in interest to DECEDENT and seek both wrongful death damages and survival damages under this claim.

## SIXTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(By Plaintiffs against Chris Kaious, Juan Gonzales and the City)

61. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

-13-

62. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

63. Conduct that violates the Fourth Amendment can also amount to conduct that violates the California Bane Act.

64. Defendant CHRIS KAIOUS and JUAN GONZALES use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed during the incident, including at the time of the shooting, and DECEDENT never attempted to punch, kick, or strike any of the involved officers and he never attempted to touch or grab any of the involved officers' equipment or guns.  Moreover, DECEDENT's vehicle was stationary at the time of the shooting and no one was about to be run over or struck by DECEDENT's vehicle.  Further, DECEDENT did not pose an imminent threat of death or serious bodily injury towards anyone, when he was fatally shot.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures and to be free from having unreasonable and excessive force used against him.  Further, the involved officers acted with a reckless disregard of constitutional and statutory rights of the DECEDENT, including the right to be free from having unreasonable and excessive deadly force used against him.

65. The involved officers intentionally used excessive deadly force against DECEDENT by recklessly disregarding the DECEDENT's right to be free from excessive force.

66. CHRIS KAIOUS and JUAN GONZALES, while working as police officers for the CITY's police department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience,

by threatening or committing acts involving violence, threats, coercion, or intimidation.

66. On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his civil rights, CHRIS KAIOUS and JUAN GONZALES would commit acts involving violence, threats, coercion, or intimidation against them or their property.

67. On information and belief Defendant CHRIS KAIOUS and JUAN GONZALES injured DECEDENT to prevent him from exercising his rights or retaliated against Decedent for having exercised his rights.

68. DECEDENT was caused to suffer extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

69. The conduct of CHRIS KAIOUS and JUAN GONZALES was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiffs.

70. CITY is vicariously liable for the wrongful acts of CHRIS KAIOUS and JUAN GONZALES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

71. The conduct of CHRIS KAIOUS and JUAN GONZALES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive damages.

72. Plaintiffs bring this claim in a representative capacity as the successors-in-interest to DECEDENT, and seek survival damages, including for pre-death pain and suffering and loss of enjoyment of life for the violation of DECEDENT's rights.

73. The Plaintiffs also seek attorney fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in her favor and against Defendants City of Woodlake, Chris Kaious, Juan Gonzales and Does 3-10, inclusive, as follows:

A. For compensatory damages, including both survival damages, including pain and suffering and loss of enjoyment of life and wrongful death damages under state law and federal law, in the amount to be proven at trial;

B. For funeral and burial expenses and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For treble damages under Civil Code Section 52.1.

F. For reasonable costs of this suit and attorneys' fees; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: April 18, 2024                LAW OFFICES OF DALE K. GALIPO

By  */s/ Eric Valenzuela*
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs

-16-

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: April 18, 2024			LAW OFFICES OF DALE K. GALIPO


					By	*/s/ Eric Valenzuela*
						Dale K. Galipo
						Eric Valenzuela
						Attorneys for Plaintiffs