UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WOODLAKE, et al.,<br><br>Defendants. | Case No. 1:23-cv-01569-JLT-BAM<br><br>**ORDER VACATING MAY 31, 2024 HEARING**<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND** (Doc. 15)<br><br>**ORDER DIRECTING COMPLIANCE WITH LOCAL RULE 202(a)** |

Plaintiff J.F., a minor by and through her Guardian Ad Litem Liz Franco, Plaintiff V.F., a minor by and through her Guardian Ad Litem Liz Franco, and Plaintiff M.M., a minor by and through her Guardian Ad Litem Jennifer Menendez, initiated this civil rights action on November 7, 2023, against Defendants City of Woodlake and DOES 1-10. The case arises out of the fatal shooting of the decedent, Victor Melendez, by officers of the City of Woodlake Police Department.  (Doc. 1.)  Currently before the Court is Plaintiffs' motion seeking leave to file a first amended complaint to substitute Officers Chris Kaious and Juan Gonzales in place of DOES 1-2. (Doc. 15.)  Defendant City of Woodlake filed a statement of non-opposition on May 1, 2024. (Doc. 17.)  In the absence of opposition, the motion hearing set for May 31, 2024, is VACATED, and the matter is deemed submitted on the current record.  L. R. 230(g).

Having considered the moving papers, along with the record in this case, Plaintiffs' motion to amend will be GRANTED.  Additionally, Plaintiffs' counsel will be directed to comply

1

with Local Rule 202(a) regarding the appointment of a representative or guardian ad litem for each of the named minor plaintiffs.

## DISCUSSION

**A. Motion to Amend**

Plaintiffs timely filed their motion to amend on April 18, 2024, consistent with the Scheduling Conference Order deadline to file stipulations or motions to amend.  (*See* Doc. 11 [Amendment to Pleadings: August 9, 2024]).  Plaintiffs' motion is therefore considered under the Federal Rule of Civil Procedure 15 standard for amendment to the pleadings.  *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (concluding that motion to amend filed after pretrial scheduling order deadline must satisfy the requirements of Federal Rule of Civil Procedure 16).  Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and

1  others have held, it is the consideration of prejudice to the opposing party that carries the greatest
2  weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the
3  opposing party is the most important factor."). Absent prejudice, or a strong showing of any of
4  the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend.
5  *Eminence Capital,* 316 F.3d at 1052.

6  Plaintiffs seek leave to substitute Officers Chris Kaious and Juan Gonzales in place of
7  DOES 1-2. Plaintiffs explain that, after obtaining supplemental disclosures in discovery, they
8  learned that Officers Kaious and Gonzales were the officers who allegedly used excessive deadly
9  force against the decedent. (Doc. 15 at 4.)

10  In considering the relevant factors, the Court finds that leave to amend should be granted
11  to allow the substitution of Officers Kaious and Gonzales in place of DOES 1-2. First, there is no
12  indication of undue delay. Plaintiffs timely submitted their motion to amend prior to the deadline
13  for amendment of pleadings. Second, there will be little prejudice to Defendant City of
14  Woodlake in permitting the amendment. The case is still in the early stages of discovery, with a
15  non-expert discovery deadline of April 11, 2025, and a trial date of April 14, 2026. (*See* Doc.
16  11.) Further, Defendant City of Woodlake does not oppose the motion. Third, there is no
17  indication that amendment is futile. Federal Rule of Civil Procedure 20 permits joinder of
18  defendants if "(A) any right to relief is asserted against them jointly, severally, or in the
19  alternative with respect to or arising out of the same transaction, occurrence, or series of
20  transaction or occurrences; and (B) any question of law or fact common to all defendants will
21  arise in the action." Fed. R. Civ. P. 20(a)(2)(A), (B). Plaintiffs allege that Officers Kaious and
22  Gonzales were the individual officers of the City of Woodlake Police Department involved in the
23  incident that resulted in the death of Victor Melendez. Plaintiffs' right to relief for the asserted
24  claims against Defendant City of Woodlake and Officers Kaious and Gonzales therefore arise out
25  of the same transaction, occurrence, or series of transactions or occurrences. Additionally, there
26  are questions of fact and law common to all defendants related to the death of Victor Melendez.
27  Fourth, there is no indication that the amendment is brought in bad faith. Fifth, and finally,
28  Plaintiffs have not previously amended the complaint.

**B. Appointment of Representative or Guardian**

Federal Rule of Civil Procedure 17(c)(1) permits a general guardian, a committee, a conservator, or "a like fiduciary" to sue on behalf of a minor. Fed. R. Civ. P. 17(c)(1). Otherwise, a minor "who does not have a duly appointed representative" may sue by a guardian ad litem. Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." *Id.* Local Rule 202(a) of this Court further states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a). There is no indication that a representative or guardian ad litem has been appointed for any of the minor plaintiffs nor has there been a showing that no such appointment is necessary. Plaintiffs' counsel therefore will be directed to comply with Local Rule 202(a).

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Amend (Doc. 15) is GRANTED.

2. Within five (5) court days, Plaintiffs shall file the First Amended Complaint, a copy of which was attached as Exhibit A to the motion.

3. Upon the filing of the First Amended Complaint, Plaintiffs' counsel shall comply with the requirements of Local Rule 202(a).

4. Defendants shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint.

IT IS SO ORDERED.

Dated: **May 7, 2024**         /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE

4