LONGYEAR, LAVRA & CAHILL, LLP
Van Longyear, CSB No.: 84189
Nicole M. Cahill, CSB No.: 287165
555 University Avenue, Suite 280
Sacramento, CA 95825
Phone: 916-974-8500
Facsimile: 916-974-8510
Emails: longyear@longyearlaw.com
         cahill@longyearlaw.com

Attorneys for Defendants,
City of Woodlake, Officer Chris Kaious and
Officer Juan Gonzalez (erroneously sued as "Juan Gonzales")

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA FRESNO DIVISION

| | |
|---|---|
| J.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO; V.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO; and M.M., a minor, by and through her Guardian Ad Litem, JENNIFER MENENDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WOODLAKE; CHRIS KAIOUS, JUAN GONZALES and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:23-cv-01569-JLT-BAM<br><br>**CITY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW DEFENDANTS, City of Woodlake, Officer Chris Kaious and Officer Juan Gonzalez (erroneously sued as "Juan Gonzales") and no others, ("Defendants"), and in answer to Plaintiffs' First Amended Complaint ("Complaint") admit, deny and allege as follows:

1. Answering the allegations contained in paragraph number 3, page 2 of said Complaint, Defendants admit each and every, all and singular, generally and specifically, said allegations and the whole thereof.

/ / /

/ / /

2. Answering the allegations contained in paragraph numbers 4-6, pages 2-3 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

3. Answering the allegations contained in paragraph number 7, page 3 of said Complaint, Defendants lack sufficient information or belief to admit or deny the allegations in this paragraph as to the Doe defendants and thereon deny these allegations. Defendants admit all allegations in this paragraph regarding the City and Officers Kaious and Gonzalez.

4. Answering the allegations contained in paragraph number 8, page 3 of said Complaint, Defendants admit all allegations in the paragraph except, the Defendants deny that the City ratified anything.

5. Answering the allegations contained in paragraph number 9, page 3 of said Complaint, Defendants lack sufficient information or belief to admit or deny the allegations in this paragraph as to the Doe defendants and thereon deny these allegations. Defendants admit that they were employed by the City and were subject to oversight and supervision of their supervisors within the chain of command in the Woodlake Police Department. The Defendants lack sufficient information or belief to admit or deny the allegations in this paragraph as to "elected and non-elected officials."

6. Answering the allegations contained in paragraph number 10, page 3 of said Complaint, Defendants lack sufficient information or belief to admit or deny the allegations in this paragraph as to the Doe defendants and thereon deny these allegations. Defendants admit the remaining allegations in this paragraph.

7. Answering the allegations contained in paragraph number 11, page 3 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

/ / /

/ / /

8. Answering the allegations contained in paragraph number 12, page 4 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

9. Answering the allegations contained in paragraph numbers 13-14, page 4 of said Complaint, Defendants admit each and every, all and singular, generally and specifically, said allegations and the whole thereof.

10. Answering the allegations contained in paragraph number 16, page 4 of said Complaint, Defendants admit each and every, all and singular, generally and specifically, said allegations and the whole thereof.

11. Answering the allegations contained in paragraph number 17, page 4 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

12. Answering the allegations contained in paragraph numbers 18-19, pages 4-5 of said Complaint, Defendants admit each and every, all and singular, generally and specifically, said allegations and the whole thereof.

13. Answering the allegations contained in paragraph number 20, page 5 of said Complaint, Defendants admit that the Decedent did not have a gun when he was shot by the officers. Defendants deny that the Decedent did not have a gun when he engaged in domestic violence by holding a gun to the head of the complaining witness.

14. Answering the allegations contained in paragraph number 21, page 5 of said Complaint, Defendants admit that Decedent did not try to punch, kick or strike any of the officers and did not physically try to touch them or their weapons/equipment. Defendants deny the remainder of the allegations in this paragraph.

15. Answering the allegations contained in paragraph number 22, page 5 of said Complaint, Defendants admit each and every, all and singular, generally and specifically, said allegations and the whole thereof.

/ / /

16. Answering the allegations contained in paragraph numbers 23-24, page 5 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

17. Answering the allegations contained in paragraph number 25, page 5 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

18. Answering the allegations contained in paragraph numbers 26-27 and 23-27 (sic), pages 6-7 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

19. Answering the allegations contained in paragraph number 29, page 7 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

20. Answering the allegations contained in paragraph numbers 30-35, pages 7-8 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

21. Answering the allegations contained in paragraph number 37, page 8 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

22. Answering the allegations contained in paragraph numbers 38-40, page 9 of said Complaint, Defendants allege that they have no information or belief upon the subjects contained therein sufficient to enable them to answer any of said allegations, and placing their denial on that ground, deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

23. Answering the allegations contained in paragraph numbers 41-47, pages 9-10 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

24. Answering the allegations contained in paragraph number 50, page 10 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

/ / /

/ / /

/ / /

25. Answering the allegations contained in paragraph number 51, page 11 of said Complaint, Defendants admit that the Defendant officers while working as police officers employed by the City and while acting in the course and scope of their duties, intentionally shot Decedent multiple times in self-defense and in the defense of others. Defendants deny the remainder of the allegations in this paragraph.

26. Answering the allegations contained in paragraph numbers 52-54, page 11 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

27. Answering the allegations contained in paragraph number 56, page 12 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

28. Answering the allegations contained in paragraph numbers 57-59, pages 12-13 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

29. Answering the allegations contained in paragraph number 61, page 13 of said Complaint, Defendants incorporate all above paragraphs as if fully set forth herein.

30. Answering the allegations contained in paragraph numbers 64-71, pages 14-15 of said Complaint, Defendants deny each and every, all and singular, generally and specifically, said allegations and the whole thereof.

As separate and affirmative defenses, answering Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

That said Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

That at all times mentioned, the Defendant police officers acted reasonably and in good faith and are entitled to qualified immunity as to the federal claims.

### THIRD AFFIRMATIVE DEFENSE

For all state law claims, that the Decedent was contributorily negligent, that such negligence contributed to the incident and that Plaintiff's recovery should therefore either be barred or reduced to the extent of Decedent's negligence.

### FOURTH AFFIRMATIVE DEFENSE

For all state law claims, that at all times, the Defendant police officers acted in self-defense and/or defense of others and such actions are therefore privileged and reasonable.

### FIFTH AFFIRMATIVE DEFENSE

That Defendant City is immune from state law claims pursuant to California Government Code Section 815.

### SIXTH AFFIRMATIVE DEFENSE

That Defendant City is immune from state law claims pursuant to California Government Code Section 815.2.

### SEVENTH AFFIRMATIVE DEFENSE

That Defendant City is immune from state law claims for punitive damages pursuant to California Government Code Section 818.

### EIGHTH AFFIRMATIVE DEFENSE

That Defendant City is immune from state law claims pursuant to California Government Code Section 818.2.

### NINTH AFFIRMATIVE DEFENSE

That the Defendants are immune from state law claims pursuant to California Government Code Section 820.2.

### TENTH AFFIRMATIVE DEFENSE

That the Defendant police officers are immune from state law claims pursuant to California Government Code Section 820.8.

### ELEVENTH AFFIRMATIVE DEFENSE

That the Defendant police officers are immune from state law claims pursuant to California Government Code Section 821.

///

///

///

///

WHEREFORE, said answering Defendants pray for relief as follows:

1. For judgment as against Plaintiffs and in favor of Defendants;
2. That Plaintiffs take nothing by way of their Complaint;
3. For attorneys' fees and costs of suit incurred herein; and
4. For such other and further relief as the court may deem just and proper.

Dated: June 12, 2024                    LONGYEAR, LAVRA & CAHILL, LLP


                                        By: /s/ Nicole M. Cahill
                                            VAN LONGYEAR
                                            NICOLE M. CAHILL
                                            Attorneys for Defendants,
                                            City of Woodlake, Officer Chris Kaious
                                            and Officer Juan Gonzalez

**DEMAND FOR JURY TRIAL**

City of Woodlake, Officer Chris Kaious and Officer Juan Gonzalez hereby request a trial by jury.

Dated: June 12, 2024                    LONGYEAR, LAVRA & CAHILL, LLP

By: /s/ Nicole M. Cahill
       VAN LONGYEAR
       NICOLE M. CAHILL
       Attorneys for Defendants,
       City of Woodlake, Officer Chris Kaious
       and Officer Juan Gonzalez