UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO; V.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO; and M.M., a minor, by and through her Guardian Ad Litem, JENNIFER MENENDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WOODLAKE, et al.,<br><br>Defendants. | Case No.  1:23-cv-01569-JLT-BAM<br><br>**ORDER VACATING JUNE 28, 2024 HEARING**<br><br>**ORDER GRANTING APPLICATION OF LIZ FRANCO FOR APPOINTMENT AS GUARDIAN AD LITEM FOR J.F.**<br><br>(Doc. 21) |

Currently before the Court is the application of Liz Franco to be appointed as guardian ad litem for Plaintiff J.F., a minor.  (Doc. 21.)  Defendants City of Woodlake, Officer Chris Kaious, and Officer Juan Gonzalez (erroneously sued as "Juan Gonzales") did not file any opposition within the time prescribed by Local Rule 230(c).  The matter was referred to the undersigned pursuant to the Standing Order issued on November 7, 2023.  (Doc. 4-1.)  The Court finds the application appropriate for resolution without oral argument.  L.R. 230(g).  The hearing on the application is HEREBY VACATED.

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  This requires a district court to take whatever measures it deems proper to protect the individual during litigation. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).  In pertinent part, Local Rule 202(a) of

this Court further states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

*See* L.R. 202(a). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *H.D.A. v. County of Stanislaus*, No. 1:22-cv-00384-DAD-SAB, 2022 WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)). "While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict." *Id.* (citing *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. *Id.*

The Court has considered the application of Liz Franco for appointment as guardian ad litem for J.F., and finds no apparent conflict that would preclude Liz Franco from serving as guardian ad litem. The application and related filings indicate that Liz Franco is the natural mother of J.F., she consents to serve as guardian ad litem for purposes of this action, she competent to understand and protect the rights of J.F. in this action, and she has no interests adverse to J.F. (*See* Doc. 21 at 2; Doc. 21-1 at 2.)

Accordingly, IT IS HEREBY ORDERED that Liz Franco is appointed in this action as guardian ad litem for Plaintiff J.F., a minor.

IT IS SO ORDERED.

Dated:  **June 13, 2024**          /s/ *Barbara A. McAuliffe*          
                                    UNITED STATES MAGISTRATE JUDGE