# LONGYEAR, LAVRA & CAHILL, LLP

*Attorneys at Law*

D. Van V. Longyear
Nicole M. Cahill

Kelley S. Kern
Ashley M. Calvillo
Denny Yu
Nick Niavarani

John A. Lavra, *Of Counsel*
Gigi Knudtson, *Of Counsel*

555 University Avenue, Suite 280
Sacramento, California 95825

TEL 916·974·8500
FAX 916·974·8510

www.Longyearlaw.com

October 7, 2024

Honorable Barbara McAuliffe
USDC Eastern District – Fresno Division
2500 Tulare Street
Fresno, CA 93721

    Re: *Franco v. City of Woodlake, et al.*
        USDC Eastern District Case No.: 1:23-CV-01569

Dear Honorable Judge McAuliffe:

The issue before the Court for this Informal Discovery Conference ("IDC") is whether a limited stay only as it relates to the depositions of the involved officers is appropriate while the DOJ investigation is still pending. Defendants urge that this Court grant the limited stay for the reasons set forth in this letter.

This action was filed on November 7, 2023, and relates to the officer-involved shooting death of Victor Melendez ("Decedent") on December 17, 2022. Plaintiffs have sued the City of Woodlake and the two involved officers, Chris Kaious and Juan Gonzales. This Court entered a scheduling order on February 5, 2024, permitting non-expert discovery until April 11, 2025. The parties thus far have made no requests to extend discovery cutoff.

On April 10, 2024, Defendants produced over 1,200 indvidually Bates stamped documents, consisting of in-car camera video, body camera video, audio interviews, radio traffic, and photos. In response to written discovery requests, Defendant City produced another 200 documents on May 15, 2024, including the autopsy report, toxicology report, criminal history, additional reports, policies and a narrative of the review of the incident completed by Visalia Police Department. Plaintiffs served deposition notices for Defendants Kaious and Gonzales on August 15, 2024, setting the depositions for October 7, 2024. Plaintiffs have not served deposition notices for any other witnesses. Defendants do not seek to block depositions of any third party witnesses, or any other law enforcement witnesses to the incident. On October 1, 2024, the undersigned spoke to Special Agent in Charge of the Department of Justice's investigation, Jason

| | | | |
|---|---|---|---|
| To: | Honorable Judge McAuliffe | Date: | October 7, 2024 |
| Re: | Franco v. City of Woodlake, et al. | Page: | 2 |

Oliver.  Mr. Oliver conveyed that the fact-finding portion of the investigation was complete, and review was now pending with the Chief Deputy Attorney General and the Attorney General.  His best, realistic estimate for when a final decision would be made was March of 2025.

The Court has discretion to stay civil proceedings in favor of criminal proceedings "when interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).  Courts typically apply the so-called *Keating* factors to determine whether a stay should be granted: (1) the interests of the plaintiffs in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.  *Id*. at 324-25 (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989).)  This same analysis applies when the party seeking the stay has not been indicted.  *Molinaro*, 889 F.2d at 902.

Here, Defendants Kaious and Gonzales are still awaiting review of the DOJ's investigation, which may or may not result in criminal charges.  If the two officers are forced to testify now, the failure to grant a limited stay would force them to choose between testifying in this case and asserting a Fifth Amendment privilege against self-incrimination.  This position places the two defendants in a catch-22.  An adverse inference can be permitted from a party's invocation of the privilege against self-incrimination in a civil case, which would harm the civil case. See *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976).  By contrast, a waiver of the Fifth Amendment right could expose the criminal defense strategy to prosecutors.  See *C.M. v. Cty. of Los Angeles*, 2017 U.S. Dist. LEXIS 224040, at *9 (C.D. Cal. Oct. 19, 2017).  *C.M. v. Cty. of Los Angeles* is instructive.  In that case, the Central District granted defendants' request for a limited stay of the involved-officers' depositions based on a pending investigation by the Los Angeles County District Attorney's Office.  The court found a limited, three-month stay of depositions and written discovery to the involved-officers was warranted.  *Cty. of Los Angeles,* 2017 U.S. Dist. LEXIS at *18.  Here, Defendants seek similar relief.  Defendants only request the Court preclude the depositions and written discovery directed to the officers for a few months until the investigation is concluded.  Since discovery is not set to close until April of 2025, this issue may be resolved before discovery is even set to close, or only require a brief extension to remedy.

        Very truly yours,

        LONGYEAR, LAVRA & CAHILL, LLP

By: _____
   NICOLE M. CAHILL

NC/djg