LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| J.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF WOODLAKE, et al.,<br><br>Defendants. | No. 1:23−CV−01569−JLT−BAM<br><br>**PLAINTIFFS SYNOPSIS OF DISCOVERY DISPUTE**<br><br>**U.S. Magistrate Judge: Barbara A. McAuliffe**<br><br>Date: October 9, 2024<br>Time: 10:00 a.m.<br>Courtroom: 8 |

Pursuant to the Court's Order [Doc. #28], Plaintiffs submit the following 2-page synopsis:

Victor Melendez was fatally shot by City of Woodlake police officers Chris Kaious and Juan Gonzales on December 17, 2022 (almost 2 years ago). No criminal charges have been filed against any of the Defendant Officers. Plaintiffs have noticed the depositions of the Defendant Officers. The defense will not produce the officers for their depositions because of the ongoing investigation by the California Department of Justice ("CA DOJ") their Fifth Amendment rights. Criminal investigations into officer-involved fatal shootings are a matter of course mandated

1

by law pursuant to California Assembly Bill 1506, which requires the CA DOJ to investigate all incidents of an officer-involved shooting resulting in the death of an unarmed civilian in the state, as was the case here. A court has discretion to stay civil proceedings in favor of criminal proceedings "when the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citation omitted). In deciding whether to grant or deny a stay, a court must first evaluate "the extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Id*. (quoting *Fed Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).

In addition, a court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id*. at 324-25 (quoting *Molinaro*, 889 F.2d at 903). Courts employ the *Keating* analysis even when the party seeking the stay has not been indicted. See *Molinaro*, 889 F.2d at 903. Applying the *Keating* factors, the Court should find that Defendants have not met their burden to show a stay is warranted. "While a defendant in a criminal case may constitutionally assert [his] Fifth Amendment rights with no adverse consequence, a trier of fact in a civil case may draw an adverse inference from invocation of the Fifth Amendment." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000). Nevertheless, "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating*, 45 F.3d at 324. Indeed, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id*. at 326. Although there may be "a strong case in favor of a stay after a grand jury returns a criminal indictment and

where there is a large degree of overlap between the facts involved in both [civil and criminal] cases," *Roberts v. Brown*, No. 13-CV-07461-ODW, 2014 WL 3503094, at *2 (C.D. Cal. July 14, 2014), "the case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.3d at 903.

Even if there is a significant overlap between the allegations in Plaintiffs' Complaint and any criminal charges that the officers might face should they be indicted. However, the officers have not been indicted, nor have Defendants alleged that criminal charges are imminent, there is no evidence that the CA DOJ has made any adverse findings against the officers or that the agency intends to charge them. Courts in this district have denied stays in the instant procedural posture, where no indictment has been filed and there are no indications that criminal charges are imminent. See, e.g., *A.H. v. Cnty. of San Bernardino*, No. EDCV 23-1028-JGB-SHK, 2023 WL 9646224 (C.D. Cal. Dec. 28, 2023); *Vargas v. Cnty. of Los Angeles*, No. 19-CV-3279-PSG-AS, 2019 WL 6655269, at *3 (C.D. Cal. July 10, 2019); *Herd v. Cnty. of San Bernardino*, No. EDCV 17- 02545-AB-SP, 2018 WL 5816175, at *2 (C.D. Cal. Sept. 17, 2018); *Est. of Morad v. City of Long Beach*, No. 16-CV-06785-MWFA-JW, 2017 WL 5187826, at *9 (C.D. Cal. Apr. 28, 2017); *Lindsey v. City of Pasadena*, No. 16-CV-08602-SJO-RAO, 2017 WL 5891097, at *3 (C.D. Cal. March 24, 2017); *Perez v. Cnty. of Los Angeles*, No. 15-CV-09585-SJO-FFM, 2016 WL 10576622, at *3 (C.D. Cal. May 3, 2016).  "Given that the CA DOJ automatically investigates every one of these incidents, Defendants effectively ask the Court to 'create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers.'" *A.H.*, 2023 WL 9646224, at *4 (quoting *Herd*, 2018 WL 5816175, at *2).  Defendants' position has "no basis in either law or reason," *Perez*, 2016 WL 10576622, at *3, and therefore is untenable.  Any Fifth Amendment interest, weighed against the additional *Keating* factors, do not warrant a stay of discovery. *Vargas*, 2019 WL 6655269, at *2-3.

| | | |
|---|---|---|
| 1 | Dated: October 4, 2024 | LAW OFFICES OF DALE K. GALIPO |

                                                  /s/ *Eric Valenzuela*
                                        Eric Valenzuela
                                        Attorney for Plaintiffs