LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Eric Valenzuela, Esq. (SBN 284500)
Email: evalenzuela@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF WOODLAKE, et al., <br><br> Defendants. | Case No. 1:23−CV−01569−JLT−BAM <br><br> [*Hon. Jennifer L. Thurston*] <br><br> **UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF M.M.; VERIFICATION BY JENNIFER MENENDEZ** <br><br> [Declaration of Eric Valenzuela and Exhibits thereto, Proposed Orders and exhibits thereto *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff M.M., by and through her guardian *ad litem*, Jennifer Menendez, individually and as a successor in interest to Victor Melendez, deceased, hereby moves this Court by way of this *Ex Parte* Application for Approval of Compromise of the Claims of Minor Plaintiff M.M. ("Application") for an order approving the settlement of her claims and distribution of her settlement funds. The grounds for this Application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Eric Valenzuela ("Valenzuela Decl."), which is submitted concurrently herewith.

Prior to filing this *ex parte* application, Plaintiffs' counsel Eric Valenzuela contacted Defendants' counsel to confirm that Defendants will not be opposing the instant Application. Defendants are represented by Van Longyear, Esq., of Longyear, Lavra & Cahill, LLP, 555 University Avenue, Suite 280, Sacramento, CA 95825. Valenzuela Decl. at ¶ 2. Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the substance of this Application. Valenzuela Decl. at ¶ 3.

This Application seeks approval of the compromise of Plaintiff's claims on an *ex parte* basis because M.M.'s guardian *ad litem*, after consulting with an annuity broker, vetting insurance companies, and reviewing proposed annuity plans, has chosen an annuity the interest rate for which is likely to expire if this petition is heard as a regularly noticed motion. For that reason, filing this Application as a regularly-noticed motion may cause a decrease in payment benefits to the minor plaintiff. *Id.* Accordingly, Petitioner Jennifer Menendez as guardian *ad litem* for minor Plaintiff M.M. respectfully requests that this Court consider this Application on an *ex parte* basis. Valenzuela Decl. at ¶ 4.

1   DATED: August 8, 2025                    LAW OFFICES OF DALE K. GALIPO

2

3                                    By:   /s/ Eric Valenzuela
4                                           Dale K. Galipo
                                            Eric Valenzuela
5                                           *Attorneys for Plaintiffs*

# UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF M.M.

## I. INTRODUCTION

Plaintiff M.M., by and through her guardian *ad litem*, Jennifer Menendez, individually and as a successor in interest to Victor Melendez, deceased, hereby submits this *ex parte* application and proposed order for approval of the compromise of the claims of minor Plaintiff M.M. ("Application"), and requests that this Honorable Court approve of the proposed distribution of Plaintiff M.M.'s funds.

The instant claims of Plaintiff M.M. arose out of the shooting of Victor Melendez ("Decedent") on December 17, 2022, by officers working for the City of Woodlake Police Department. Plaintiff M.M. is one of Decedent's biological children and one of his lawful successors in interest. In addition to Plaintiff M.M., the Decedent's other children, J.F. and V.F., are Plaintiffs in this action. The parties have agreed to settle the above-referenced case as to all claims and parties. The settlement has been approved by the proper authorities. During the negotiations, the defense made it very clear that they would never pay over $300,000 to the Plaintiffs to settle their case, but would agree pay Plaintiffs' attorneys' fees, including statutory fees and costs, separately from the Plaintiffs' settlement. Since the defense insisted that they would not pay over $300,000 to the Plaintiffs to settle their claims, Plaintiffs indicated they would agree to settle Plaintiffs' claims for $300,000, but the defense would also have to pay $150,000 in attorney's fees, including statutory fees and costs. Plaintiffs' counsel was agreeable to $150,000 in attorney's fees because it would be the equivalent of Plaintiff's counsel voluntarily reducing his 40% contingency fees to 33.33% and waiving litigation costs, which Plaintiffs' counsel was agreeable to in order to finalize the settlement.

The settlement agreement obligates Defendants to pay Plaintiffs $300,000 to settle their claims, plus $150,000 in attorney's fees, including statutory fees and costs. Out of the settlement proceeds, each of the three Plaintiffs will receive

4

UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFF M.M.

$100,000 and their attorneys have agreed to not deduct any of the litigation costs from the Plaintiffs' share of the settlement. Valenzuela Decl. at ¶ 5.

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant

not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952."

Pursuant to the above California rules, Plaintiff M.M. and her attorneys make the following disclosures:

1. The Petitioner is Jennifer Menendez, guardian *ad litem* for minor Plaintiff M.M. and is represented by the Law Offices of Dale K. Galipo.

2. Plaintiff M.M. is the biological child of the decedent in this case, Victor Melendez. M.M. is female and was born in 2016.

3. The nature of Plaintiff M.M.'s claims in this lawsuit are set forth in the operative complaint. Pursuant to the settlement agreement, Plaintiff's claims will be compromised without a trial on the merits. Valenzuela Decl. at ¶ 6.

4. Plaintiffs M.M.'s damages in this case arise from (1) the injuries suffered by the Decedent, for which Plaintiff M.M. can recover survival damages as a successor in interest; and (2) Plaintiff M.M.'s individual loss of the Decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages). Valenzuela Decl. at ¶ 7.

5. Medical treatment and medical billing are not relevant. Plaintiff M.M. has not received medical treatment in connection with this case.

6. Based on the settlement agreement, the Defendants agree to pay to the Plaintiffs $300,000 to resolve their claims, plus an additional $150,000 in attorney's fees, including statutory fees and costs.

7. Plaintiff M.M.'s attorneys (which include the Law Offices of Dale K. Galipo and Chain, Cohn and Clark), are requesting attorneys' fees in a total amount of $150,000 for representing all three Plaintiffs, including statutory fees and costs. This amount is the equivalent of 33.33% of the total settlement funds allocated to the Plaintiffs J.F., V.F. and M.M. or $300,000 for the Plaintiffs' portion of the settlement and $150,000 in attorneys' fees, including statutory fees and costs. Valenzuela Decl. at ¶ 8. The contingency retainer agreements between Plaintiffs

and their attorneys provide for a 40% contingency fee, but J.F., V.F. and M.M.'s attorneys would only receive what is the equivalent of 33.33% contingency fee with respect to the minors' portions of the settlement funds and are also not deducting any litigation costs from the Plaintiffs' share of the settlement. The parties agreed to settle the Plaintiffs' case for $300,000 and also agreed to pay $150,000 in attorneys' fees, including statutory fees and costs. Plaintiffs' attorneys are thus requesting approval of $150,000 in attorneys' fees (including contingency fees, statutory fees and litigations costs) and $300,000 allocated to J.F., V.F. and M.M. Valenzuela Decl. at ¶ 9.

8. Under the existing retainer agreements, Plaintiffs' attorneys are entitled a 40% attorney recovery fee, plus reimbursement of advanced litigation costs. However, Plaintiffs' counsel would only receive $150,000, in attorney's fees, including statutory fees, which is the equivalent of a 33.33% contingency fee with respect to the three minor Plaintiffs' share of the settlement and have voluntarily waived litigation costs from being deducted from the minors' share. The parties agreed to settle the Plaintiffs' case for $300,000, plus $150,000 in attorneys' fees, including statutory fees and costs. The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties of this case, and the risk assumed by Plaintiffs' counsel in a case with difficult facts. If Plaintiffs' attorneys were not awarded a significant compensatory fee in difficult civil rights cases of public importance, then attorneys would not be able to take such cases. In turn, plaintiffs such as M.M. would not be able to attract competent counsel who could achieve similar results and achieve justice for victims of police brutality. Accordingly, Plaintiffs and their attorneys submit that they are deserving of the requested $150,000 (which is the equivalent of a 33.33% of the total recovery) of the settlement. Valenzuela Decl. at ¶ 10.

9. As stated above, the gross amount of the Plaintiffs' portion of the settlement is $300,000, plus an additional payment of $150,000 in attorneys' fees,

including statutory fees and costs. Also as indicated above, the share of these proceeds apportioned for minor Plaintiffs J.F., V.F. and M.M. is $300,000. After deducting requested attorneys' fees, which is the equivalent of $50,000 per minor Plaintiff, the total net settlement proceeds to each of the Plaintiffs J.F., V.F. and M.M. is $100,000. A separate minor's compromise is being filed on behalf of minor Plaintiffs, J.F. and V.F. Valenzuela Decl. at ¶ 11.

10. It is requested that $100,000 be used to fund a structured settlement annuity for Plaintiff M.M., that $100,000 be used to fund a structured settlement annuity for Plaintiff J.F., and that $100,000 be used to fund a structured settlement annuity for Plaintiff V.F. (J.F. and V.F. are the subject of a separate minors' compromise application). Valenzuela Decl. at ¶ 12.

11. Attached as "Exhibit A" to the Declaration of Eric Valenzuela is the proposed structured settlement annuity and disbursement schedules for Plaintiff M.M. Under the proposal set forth in "Exhibit A," the total amount that Plaintiff M.M. shall receive after the final payment is made to her is $148,800 or $111,000 in annual payments and monthly payments of $350 for 9 years and 1 month (totaling $37,800). The structured settlement annuity provides for a monthly payment of $350 to be made to parent and guardian *ad litem*, Jennifer Menendez, until M.M. turns seventeen years old. Petitioner is in agreement that this monthly payment of $350 is to be used specifically and exclusively on minor M.M. for her necessities of life, including food, clothing, shelter and educational expenses. M.M..'s guardian *ad litem*, Petitioner Jennifer Menendez, has reviewed the proposed annuity and disbursement schedule for M.M. set forth in "Exhibit A" and believes it is in the best interest of M.M. Valenzuela Decl. at ¶ 13.

12. The moving guardian *ad litem* Jennifer Menendez has no claims against Defendants in connection with the subject incident.

13. The moving guardian *ad litem* Jennifer Menendez does not have any claims against Plaintiffs M.M., J.F. or V.F. in connection with the subject incident.

14. California Welfare and Institutions Code Section 14124.73 does not apply.

15. This motion does not seek an order for payment of money to a special needs trust. Valenzuela Decl. at ¶ 14.

<u>Disclosures pursuant to California Rule of Court 7.951</u>

1. This petition was prepared by attorney Eric Valenzuela (California State Bar Number 284500), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs M.M., J.F. and V.F. in this action, along with Chain, Cohn and Clark. Valenzuela Decl. at ¶ 15.

2. Plaintiff M.M.'s attorneys (the Law Offices of Dale K. Galipo and Chain, Cohn and Clark) did not become concerned with this matter at the instance of any party against whom the claim of said minors is asserted. Valenzuela Decl. at ¶ 16.

3. Plaintiff M.M.'s attorneys (the Law Offices of Dale K. Galipo and Chain, Cohn and Clark) are not employed by any other party, or any insurance carrier involved in the matter. Valenzuela Decl. at ¶ 17.

4. Plaintiff M.M.'s attorneys (the Law Offices of Dale K. Galipo and Chain, Cohn and Clark) have not to date received any compensation for their services in connection herewith from any person. Valenzuela Decl. at ¶ 18.

5. Plaintiffs J.F., V.F., and M.M., are the only Plaintiffs in the above-referenced action. Plaintiffs' attorneys expect to receive $150,000 in attorney's fees, including statutory fees and costs (for all three minor plaintiffs), as set forth above. Valenzuela Decl. at ¶ 19.

6. Plaintiffs' attorneys accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreements with all Plaintiffs provides for a 40% contingency attorney fee on any recovery Plaintiffs make on their case by way of verdict or settlement, but Plaintiffs' counsel would

only receive $150,000, which is the equivalent of a 33.33% contingency fee on Plaintiffs J.F., V.F., and M.M.'s recovery and has also voluntarily waived litigation costs from being deducted from the Plaintiffs' share of the settlement.  Valenzuela Decl. at ¶ 20.

<u>Disclosures pursuant to Local Rule 202(b)(2)</u>

1. The age and sex of the minor:  M.M. is 8 years old and is female. Valenzuela Decl. at ¶ 21.

2. The nature of the causes of action to be settled or compromised:  This case is a civil rights 42 U.S.C. section 1983 case, which stems from the fatal officer involved shooting of Victor Melendez, the Decedent, by Officers Chris Kaious and Juan Gonzales of the Woodlake Police Department.  Plaintiffs' Complaint contains causes of action for Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983); Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983); Substantive Due Process—(42 U.S.C. § 1983); Battery (Wrongful Death and Survival Damages); Negligence (Wrongful Death and Survival Damages); and Violation of Bane Act (Cal. Civil Code § 52.1).

3. The facts and circumstances out of which the causes of action arose, including the time, place and persons involved: On December 17, 2022, officers received a radio dispatch from Decedent's girlfriend alleging that Decedent was fighting with her, had put a gun to her head and had choked her.  Victor Melendez was identified as the suspect and a records check indicated that Decedent had an extensive criminal history and incarceration history, including have spent multiple years in prison for trafficking cocaine and marijuana.  The radio dispatch also indicated that Decedent was now in his vehicle on the side of the house.  Law enforcement arrived at the home, located Decedent inside of his vehicle and a vehicle pursuit ensued.  During the vehicle pursuit, Decedent drove on the wrong side of the road, reached speeds of up to 100 mph, and a spike strip was used in order to stop Decedent's vehicle.  The spike strip punctured the rear tire and

eventually Decedent lost control of his vehicle and struck two vehicles near Highway 198 and Road 196, in Tulare County, near the City of Exeter, California. One of the vehicles struck had two young men as the passengers and the other vehicle was father with his two young children in the car.

After colliding with the two vehicles, Decedent car became inoperable out on the highway 198. Several officers from various agencies all surrounded the vehicle and began giving several commands for Decedent to exit out of the vehicle. Decedent did not comply with the officers' commands and repositioned himself to the front passenger seat. While inside of his vehicle for several minutes, Decedent had his right hand inside of a black fanny pack as if he was going to draw a weapon. The officers repeatedly told Decedent to show his hands, but Decedent kept his hand inside of the fanny pack as if he was going to retrieve a weapon. Officers can be heard telling Decedent "don't do it" several times throughout the incident.

Eventually, the officers allege that Decedent grabbed a rosary nearby as if he was saying a prayer, lit a cigarette and began to raise his right hand as if he was pulling out a gun. Officers Chris Kaious and Juan Gonzales of the Woodlake Police Department, then fatally fired several shots at Decedent alleging that they believed Decedent was going to pull out a gun and shoot them or the other officers, in part, because the original call involved the use of a handgun. Throughout the case, the defense argued that this was a suicide by cop situation. After the shooting, body cam footage shows that Decedent's right hand was still inside of the black fanny pack. Further, at autopsy, Decedent's toxicology report tested positive for methamphetamines.

4. The manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise and if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent:

The parties had protracted settlement negotiations over several months and the case was vigorously litigated by the defense. Ultimately the parties agreed on a settlement of $300,000 to resolve Plaintiff's claims, plus $150,000 for attorneys' fees, including statutory fees and costs. Plaintiffs believe that this amount and fair and reasonable considering the substantial liability issues and negative evidence in the case. These issues and evidence include Decedent's substantial criminal and incarceration history. Decedent was a convicted cocaine trafficker and had spent several years in prison. Further, the initial call regarding domestic violence for Decedent choking and pointing a gun to the head of his female girlfriend, the highspeed and dangerous vehicle pursuit resulting in a horrific vehicle collision on the highway with multiple vehicles, including a car carrying two very young children. Moreover, the meth in Decedent's system, refusing to exit his vehicle after the collision, ignoring police commands to show his hands and safely exit out the vehicle, simulating having a weapon, allegedly saying a rosary prayer and raising his hand in the fanny pack as if going to pull out a gun, which under the totality of the circumstances, could support a suicide by cop scenario.

Based on the various negative facts and evidence in the case, there was a significant concern and chance that the jury could return a verdict for the defense and have to deal with the doctrine of qualified immunity. The nature and extent of the injury is that Decedent was fatally shot multiple times by Officers Kaious and Juan Gonzales, permanently depriving the minor Plaintiffs of the life-long love, companionship, comfort, support, society, care and sustenance of their father, Decedent, for the remainder of their natural lives.

Petitioner's Endorsement

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the Plaintiff M.M.'s claims, the parties responsible for the incident, and the nature, extent and seriousness of the Plaintiff M.M.'s claims. Petitioner further understands that if the compromise

proposed in this petition is approved by the Court and is consummated, Plaintiff M.M. will be forever barred from seeking any further recovery of compensation even though Plaintiff M.M.'s injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioner Ms. Menendez is informed and believes that Plaintiff M.M. has made sufficient recovery from the effects of their injuries and losses so as to justify the resolution of this matter in accordance with the terms of the settlement agreement. Petitioner recommends the compromise and the proposed distribution to Plaintiff M.M. to the Court as being fair, reasonable, and in the best interest of the minor plaintiff, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. Accordingly, Petitioner Jennifer Menendez, guardian *ad litem* for minor Plaintiff M.M., requests that this Honorable Court enter the proposed annuity attached to the Valenzuela Decl. as "Exhibit A" for Plaintiff M.M.

### III.    CONCLUSION

For the reasons above, Petitioner Jennifer Menendez and Plaintiff M.M., through their guardian *ad litem*, respectfully submits that this Court should enter the proposed order and "Exhibit A" submitted concurrently herewith.

Respectfully submitted,

DATED: August 8, 2025                LAW OFFICES OF DALE K. GALIPO

                                     By:  /s/ Eric Valenzuela
                                          Dale K. Galipo
                                          Eric Valenzuela
                                          *Attorneys for Plaintiffs*