LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Eric Valenzuela, Esq. (SBN 284500)
Email: evalenzuela@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.F., a minor, by and through her Guardian Ad Litem, LIZ FRANCO, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF WOODLAKE, et al., <br><br> Defendants. | Case No. 1:23−CV−01569−JLT−BAM <br><br> [*Hon. Jennifer L. Thurston*] <br><br> **DECLARATION OF ERIC VALENZUELA IN SUPPORT OF PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF J.F. AND V.F.** <br><br> [Exhibits; Ex Parte Application; Proposed Order *filed concurrently herewith*] |

## DECLARATION OF ERIC VALENZUELA

1. I am an attorney licensed to practice law in the United States District Court for the Eastern District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' *ex parte* application for approval of the compromise of the claims of the minor Plaintiffs, J.F. and V.F., by and through her guardian *ad litem*, Liz Franco, individually and as a successor in interest to Victor Melendez, deceased.

2. Prior to filing this *ex parte* application, I contacted Defendants' counsel to confirm that Defendants will not be opposing the instant application, including by providing Defendants with a copy of the application. Defendants are represented by Van Longyear, Esq., of Longyear, Lavra & Cahill, LLP, 555 University Avenue, Suite 280, Sacramento, CA 95825.

3. Defendants and their counsel do not oppose the filing of this Application on an *ex parte* basis, nor do Defendants and their counsel oppose the substance of this Application.

4. This Application seeks approval of the compromise of Plaintiffs J.F. and V.F.'s claims on an *ex parte* basis because J.F. and V.F.'s guardian *ad litem*, after consulting with an annuity broker, vetting insurance companies, and reviewing proposed annuity plans, has chosen an annuity the interest rate for which is likely to expire if this petition is heard as a regularly noticed motion. For that reason, filing this Application as a regularly-noticed motion may cause a decrease in payment benefits to the minor plaintiffs. *Id.* Accordingly, Petitioner Liz Franco as guardian *ad litem* for minor Plaintiffs J.F. and V.F. respectfully requests that this Court consider this Application on an *ex parte* basis.

5. The settlement agreement obligates Defendants to pay Plaintiffs $300,000 to settle their claims, plus $150,000 in attorney's fees, including statutory fees and costs. Out of the settlement proceeds, each of the three Plaintiffs will

receive $100,000 and their attorneys have agreed to not deduct any of the litigation costs from the Plaintiffs' share of the settlement.

6. The nature of Plaintiff J.F. and V.F.'s claims in this lawsuit are set forth in the operative complaint. Pursuant to the settlement agreement, Plaintiff's claims will be compromised without a trial on the merits.

7. Plaintiffs J.F. and V.F.'s damages in this case arise from (1) the injuries suffered by the decedent, for which Plaintiffs J.F. and V.F. can recover survival damages as a successor in interest; and (2) Plaintiffs J.F. and V.F.'s individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages).

8. Plaintiffs J.F. and V.F.'s attorneys (which include the Law Offices of Dale K. Galipo and Chain, Cohn and Clark), are requesting attorneys' fees in a total amount of $150,000 for representing all three Plaintiffs, including statutory fees and costs. This amount is the equivalent of 33.33% of the total settlement funds allocated to the Plaintiffs M.M., J.F. and V.F. or $300,000 for the Plaintiffs' portion of the settlement and $150,000 in attorneys' fees, including statutory fees and costs.

9. The contingency retainer agreements between Plaintiffs and their attorneys provide for a 40% contingency fee, but J.F., V.F. and M.M.'s attorneys would only receive what is the equivalent of 33.33% contingency fee with respect to the minors' portions of the settlement funds and are also not deducting any litigation costs from the Plaintiffs' share of the settlement. The parties agreed to settle the Plaintiffs' case for $300,000 and also agreed to pay $150,000 in attorneys' fees, including statutory fees and costs. Plaintiffs' attorneys are thus requesting approval of $150,000 in attorneys' fees (including contingency fees, statutory fees and litigations costs) and $300,000 allocated to J.F., V.F. and M.M.

10. Under the existing retainer agreements, Plaintiffs' attorneys are entitled a 40% attorney recovery fee, plus reimbursement of advanced litigation costs. However, Plaintiffs' counsel would only receive $150,000, in attorney's fees,

including statutory fees, which is the equivalent of a 33.33% contingency fee with respect to the three minor Plaintiffs' share of the settlement and have voluntarily waived litigation costs from being deducted from the minors' share. The parties agreed to settle the Plaintiffs' case for $300,000, plus $150,000 in attorneys' fees, including statutory fees and costs. The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties of this case, and the risk assumed by Plaintiffs' counsel in a case with difficult facts. If Plaintiffs' attorneys were not awarded a significant compensatory fee in difficult civil rights cases of public importance, then attorneys would not be able to take such cases. In turn, plaintiffs such as J.F. and V.F. would not be able to attract competent counsel who could achieve similar results and achieve justice for victims of police brutality. Accordingly, Plaintiffs and their attorneys submit that they are deserving of the requested $150,000 (which is the equivalent of a 33.33% of the total recovery) of the settlement.

11. The gross amount of the Plaintiffs' portion of the settlement is $300,000, plus an additional payment of $150,000 in attorneys' fees, including statutory fees and costs. Also, the share of these proceeds apportioned for minor Plaintiffs M.M., J.F. and V.F. is $300,000. After deducting requested attorneys' fees, which is the equivalent of $50,000 per minor Plaintiff, the total net settlement proceeds to each of the Plaintiffs M.M., J.F. and V.F. is $100,000. A separate minor's compromise is being filed on behalf of minor Plaintiff, M.M.

12. It is requested that $100,000 be used to fund a structured settlement annuity for Plaintiff M.M., that $100,000 be used to fund a structured settlement annuity for Plaintiff J.F., and that $100,000 be used to fund a structured settlement annuity for Plaintiff V.F. (J.F. and V.F. are the subject of a separate minors' compromise application).

13. Attached as "Exhibit A" is the proposed structured settlement annuity and disbursement schedules for Plaintiff J.F. Under the proposal set forth in "Exhibit

A," the total amount that Plaintiff J.F. shall receive after the final payment is made to her is $132,145 or $108,345 in annual payments and monthly payments of $350 for 5 years and 8 months (totaling $23,800). The structured settlement annuity provides for a monthly payment of $350 to be made to parent and guardian ad litem, Liz Franco, until J.F. turns seventeen years old. Petitioner is in agreement that this monthly payment of $350 is to be used specifically and exclusively on minor J.F. for her necessities of life, including food, clothing, shelter and educational expenses. J.F.'s guardian ad litem, Petitioner Jennifer Menendez, has reviewed the proposed annuity and disbursement schedule for J.F. set forth in "Exhibit A" and believes it is in the best interest of J.F.

14. Attached as "Exhibit B" is the proposed structured settlement annuity and disbursement schedules for Plaintiff V.F. Under the proposal set forth in "Exhibit B" the total amount that Plaintiff V.F. shall receive after the final payment is made to her is $119,675 or $106,375 in annual payments and monthly payments of $350 for 3 years and 2 months (totaling $13,300). The structured settlement annuity provides for a monthly payment of $350 to be made to parent and guardian ad litem, Liz Franco, until V.F. turns seventeen years old. Petitioner is in agreement that this monthly payment of $350 is to be used specifically and exclusively on minor V.F. for her necessities of life, including food, clothing, shelter and educational expenses. V.F.'s guardian ad litem, Petitioner Liz Franco, has reviewed the proposed annuity and disbursement schedule for V.F. set forth in "Exhibit B" and believes it is in the best interest of V.F.

15. This application or petition does not seek an order for payment of money to a special needs trust.

16. I (attorney Eric Valenzuela, California State Bar Number 284500) prepared the petition filed concurrently herewith. I am an attorney with the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310,

Woodland Hills, California, which represents the Plaintiffs in this action, along with Chain, Cohn and Clark.

17. Plaintiff J.F. and V.F.'s attorneys (the Law Offices of Dale K. Galipo and Chain, Cohn and Clark) did not become concerned with this matter at the instance of any party against whom the claim of said minors is asserted.

18. Plaintiff J.F. and V.F.'s attorneys (the Law Offices of Dale K. Galipo and Chain, Cohn and Clark) are not employed by any other party, or any insurance carrier involved in the matter.

19. Plaintiff J.F. and V.F.'s attorneys (the Law Offices of Dale K. Galipo and Chain, Cohn and Clark) have not to date received any compensation for their services in connection herewith from any person.

20. Plaintiffs J.F., V.F., and M.M., are the only Plaintiffs in the above-referenced action. Plaintiffs' attorneys expect to receive $150,000 in attorney's fees, including statutory fees and costs (for all three minor plaintiffs), as set forth above.

21. Plaintiffs' attorneys accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreements with all Plaintiffs provides for a 40% contingency attorney fee on any recovery Plaintiffs make on their case by way of verdict or settlement, but Plaintiffs' counsel would only receive $150,000, which is the equivalent of a 33.33% contingency fee on Plaintiffs J.F., V.F., and M.M.'s recovery and has also voluntarily waived litigation costs from being deducted from the Plaintiffs' share of the settlement.

22. The age and sex of the minor: J.F. is 11 years old and is female; and V.F. is 14 years old and is female.

23. Attached hereto as "Exhibit C" is a group of documents from Metropolitan Tower Life Insurance Company, including the ratings and sample guarantee.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 5th day of November 2025, at Woodland Hills, California.

                                        ____/s/ *Eric Valenzuela*_____
                                            Eric Valenzuela